[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed July 10, 1997
The plaintiff Deborah Cronin is the administratrix of the estate of her late son, Robert R. Maringola, and she brings this action for damages arising from his death. Robert P. Maringola died as a result of stab wounds inflicted by the defendant, Joseph McArdle.
After the defendant entered his pro se appearance in this matter, he filed an answer and special defenses. He failed to appear for trial, however, and was defaulted. The court then heard the matter as a hearing in damages.
At the hearing, the plaintiff presented her case solely by offering in evidence requests for admission which had been directed to the defendant. The defendant failed to respond to the requests for admissions and the facts in the requests are therefore deemed admitted in accordance with Practice Book § 239. The admissions establish the facts hereafter set forth.
On September 2, 1992, the decedent Robert R. Maringola lived on the second floor of an apartment building at 130 Woodglen in Waterbury. The defendant Joseph McArdle lived on the first floor of the same building, directly below the apartment of the decedent. Prior to September 2, 1992, the defendant had made numerous verbal and physical threats to the decedent.
At about 5:00 p. m. on September 2, the decedent and the defendant had a verbal dispute at the apartment building. During the argument, the defendant stabbed Robert Maringola in the chest. Maringola, in pain and conscious, was transported to St. Mary's CT Page 12448 Hospital, where he died at approximately 8:00 p. m. The defendant intentionally caused the decedent's death.
Robert Maringola was twenty-four years old at the time of his death. He was survived by the plaintiff, Deborah Cronin, his mother, by his father, Robert R. Maringola, Sr. and by his companion, Tammy Bookman, who was then pregnant with the decedent's son, Christopher R. Maringola. Christopher Maringola was born on January 25, 1993. As a result of the decedent's death, his estate incurred expenses of $24,618.26 for medical and funeral expenses.
In an action for wrongful death, an executor or administrator may receive "just damages" together with medical and funeral expenses. General Statutes § 52-555. "Just damages" includes: (1) the present cash value of the decedent's lost earning capacity less deductions for necessary living expenses; (2) compensation for the destruction of the decedent's capacity to carry on and enjoy life's activities; and (3) compensation for conscious pain and suffering. Katsetos v.Nolan, 170 Conn. 637, 657 (1976). There is no mathematical formula for assessing damages in death cases. Id.
The admissions in this case do not provide any factual basis for an award for the decedent's lost earning capacity. The admissions are sufficient for the court to award damages for conscious pain and suffering and for the decedent's loss of life's enjoyment. The admissions establish that the decedent experienced pain and suffering from the stabbing prior to his death. Death deprived the decedent, a healthy, self-employed, young man, of the enjoyment of his family and of the opportunity to raise and enjoy his son. The court finds that just damages for the death of Robert R. Maringola is one million dollars ($1,000,000). Judgment is entered on the first count of the complaint for damages of $1,024,618.26, the total of just damages and the medical and funeral expenses incurred by the estate.
In the second count of the complaint, the minor son CT Page 12449 of the decedent seeks damages for his loss of parental consortium arising from the death of his father. This court has previously recognized a cause of action for loss of parental consortium arising as a result of personal injury to a parent. Ammerman v. Johnson, Superior Court, judicial district of Waterbury, Docket No. CV94-0121129, 15 CONN. L. RPTR. 299 (October 24, 1995). However, our wrongful death statute in this state, General Statutes § 52-555, is the exclusive means by which damages resulting from death may be recovered. Ladd v. Douglas Trucking Co.,203 Conn. 187, 196-97 (1987). Because the statute does not provide for recovery for loss of postmortem parental consortium, the court cannot award damages for such a claim. Judgment is therefore entered for the defendant on the second count of the complaint.
On May 5, 1997 the plaintiff filed an offer of judgment for $1,000,000, which was not accepted. Because the plaintiff recovered an amount greater than $1,000,000, judgment is also entered for twelve percent annual interest from May 5, 1997.
VERTEFEUILLE, J.